UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs

XAVIER RASHAD JACKSON

Case Number: 2:15-cr-17-FtM-38MRM

USM Number: 62057-018

Russell K. Rosenthal, AFPD
Kress Building, Suite 301
1514 Broadway
Ft. Myers, FL 33901

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Fifteen of the Indictment. Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 371, 412 and 473 | Conspiracy to Sell Counterfeit Obligations | February 18, 2015 | One |
| 18 U.S.C. § 473 | Sale of Counterfeit Obligations | October 23, 2014 | Fifteen |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

Counts 2-14 dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

December 7, 2015

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

December  8  , 2015

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Xavier Rashad Jackson
2:15-cr-17-FtM-38MRM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **14 months, each count concurrent**.

**The Court makes the following recommendations as to incarceration:**

**Incarceration in a facility close to home (Fort Myers, Florida)**

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Xavier Rashad Jackson
2:15-cr-17-FtM-38MRM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years, each count concurrent.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Xavier Rashad Jackson**
**2:15-cr-17-FtM-38MRM**

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall submit to a search of his person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

4. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

5. The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Xavier Rashad Jackson
2:15-cr-17-FtM-38MRM

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | $2,690.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Fort Myers Police Department<br>Fort Myers Police Department, Business Office, Attn: Janette Kreuz, Reference Case No. 2014-09393, 2210 Widman Way, Fort Myers, Florida 33901<br>*Joint and Several with co-defendants, Brandon Roberts and Jessica Roberts | $1,600.00 | $1,600.00 |
| Target #2316<br>1890 NW Pine Island Rd.<br>Cape Coral, Florida 33909 | $200.00 | $200.00 |
| Target #2059<br>10000 Gulf Center Drive<br>Fort Myers, Florida 33913 | $500.00 | $500.00 |
| Target #1454<br>2430 Santa Barbara Blvd.<br>Cape Coral, Florida 33914 | $150.00 | $150.00 |
| Public Storage #28082<br>5036 S. Cleveland Avenue<br>Fort Myers, Florida 33907 | $20.00 | $20.00 |
| K-Mart Corporation<br>3853 Cleveland Avenue S<br>Fort Myers, Florida 33901 | $50.00 | $50.00 |
| Dollar General Store<br>3995 Fowler Street, Fort Myers, Florida 33901 | $50.00 | $50.00 |

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Xavier Rashad Jackson
2:15-cr-17-FtM-38MRM

| | | |
|---|---|---|
| 7-11<br>12011 Gateway Boulevard<br>Fort Myers, Florida 33913 | $120.00 | $120.00 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Special Assessment in the amount of **$200.00** is due in full and immediately.

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position. Upon release from custody, you are ordered to begin making payments of 10% net income per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

The defendant is hereby ordered to begin payment immediately and continue to make payments to the best of his ability until this obligation is satisfied. While in custody, you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon release from custody, the defendant shall adhere to a payment schedule comprised of the balance of the unpaid restitution divided by 10% net income per month, as determined by the Probation Office.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

### Joint and Several

Restitution ordered in the amount of $1600.00 payable to the Fort Myers Police Department shall be paid jointly and severally with Brandon Roberts and Jessica Roberts.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Plea Agreement, that are subject to forfeiture, specifically including, but not limited to, a Money Judgment in the sum of $2,610.00 and the following:

1. Sum of approximately $9540.00 in counterfeit Federal Reserve Notes
2. One (1) Cannon Printer in box containing – one(1) Cannon Prima MG5520 printer serial number ADJF43900, one (1) power cord, and two (2) unopened printer cartridges and one roll of scotch tape.
3. One (1) Box of Southworth Resume paper (opened and used).
4. One (1) roll of scotch tape.
5. One (1) Cannon 250/251 printer ink box containing full cartridges of ink in all colors (black, cyan, magenta, yellow).

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Xavier Rashad Jackson**
**2:15-cr-17-FtM-38MRM**

      6.     One (1) small white plastic bag containing scrap paper from suspected manufacturing counterfeit FRNs.
      7.     Four (4) notebooks containing letters and notes.
      8.     One (1) box of Canon 251 black printer ink (unopened, matches receipt from Office Depot), $600.00 in cournterfeit $100 FRN
      9.     One (1) piece of used sand paper.

    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

---

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case